**469  LANGE vs. CIRCUIT JUDGE (Muskegon), No. 14265½.**

To compel· vacation of order requiring respondent, in contempt proceedings, after answer upon oath filed, to answer interrogatories and permitting further proofs to be made respecting the matters set forth in the petition·upon which the order to show cause was issued.

Order to show cause denied June 26, 1894.

(For a full statement of the facts, see in re Lange, 104 M., 411.)

Relator insisted that his answer was final. U. S. vs. Dodge, 2 Gallison, U. S. C. C., 313; Ex Parte Briggs, 64 N. C., 214; Ex Parte Moore, 63 N. C., 397; In re Murdock, 2 Bland, 461; Hollingsworth vs. Duane, Wall., C. C., 77; Ex Parte Gould, 33 Pac. Rep. (Cal.), 1112; Langdon vs. Circuit Judge, 76 M., 358-366; Latimer vs. Barmore, 81 M., 592.

Respondent, in a brief anticipating the application, contended that How. Stat. Sec. 7275, was applicable, Latimer vs. Barmore, 81 M., 592; that such is the practical construction which has been given to the statute, Scott vs. Layng, 59 M., 43; Smith vs. Circuit Judge, 84 M., 564 (475).

**470  HUNT vs. CIRCUIT JUDGE (Ottawa), No. 14813½.**

To dismiss certain proceedings instituted for contempt, wherein relator is charged with inducing a witness to disobey a subpœna issued in a case where relator was charged with a violation of the liquor law.

Order to show cause denied April 16, 1895.

Relator's contention is that the original complaint against him did not allege that he was not a druggist; that the justice had no jurisdiction to issue the warrant; that the subpœna issued for said witness was issued without jurisdiction, as there was no legal cause in court, and the court was without jurisdiction to issue an attachment or to hold relator to bail.